## Helen Iles, Plaintiff in Error, v. Inter Ocean Newspaper Company, Defendant in Error.

### Gen. No. 18,310.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. PAUL MC-WILLIAMS, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed December 22, 1913.

### Statement of the Case.

Action by Helen Iles against the Inter Ocean Newspaper Company to recover damages for an alleged libel concerning plaintiff published in the newspaper of the defendant. From a judgment of not guilty, plaintiff brings error.

CHARLES C. SPENCER, for plaintiff in error.

JAMES J. BARBOUR, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. LIBEL AND SLANDER, § 140*—*requisites of pleadings in justification.* In an action for libel, a plea or notice justifying the words as true must aver the truth of the very charge.

2. LIBEL AND SLANDER, § 123*—*matters provable under the issues.* In an action for libel where defendant pleads only the general issue and gives notice of special matters, testimony offered by defendant as to the acts, conduct and language of plaintiff not mentioned in the notice of special matters is not admissible.

3. LIBEL AND SLANDER, § 143*—*when evidence of character of plaintiff admissible.* In an action for libel, evidence of general bad reputation of plaintiff is admissible under the general issue in mitigation of damages, but it is a general rule that the character of a party cannot be impeached by proof of special acts.

4. LIBEL AND SLANDER, § 174*—*when admission of evidence of conduct of plaintiff is error.* Permitting a witness for defendant to testify to disgraceful acts and conduct on the part of plaintiff

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

occurring more than two years after the publication of the alleged libel, *held* error.

5. LIBEL AND SLANDER, § 123*—*when matters occurring after the publication inadmissible.* Evidence of facts occurring more than two years after the publication of the alleged libel does not tend to show the truth of the publication nor is it admissible in mitigation of damages.

6. LIBEL AND SLANDER, § 146*—*when proof of the truth of the publication insufficient.* In an action for libel, where the principal charge in the publication was that plaintiff was a boy disguised as a girl, proof that plaintiff was masculine in her behavior and guilty of acts indicating an undue affection for women, *held* not to amount to proof of the truth of the publication.

7. LIBEL AND SLANDER, § 160*—*questions for court.* The purport of the publication is a question of law for the court.

8. WITNESSES, § 210*—*form of questions on cross-examination.* It is the province of counsel on cross-examination to ask questions, not to state facts. A question so framed that the answer "No sir" would deny only a part of a question is improper.

9. WITNESSES, § 210*—*what questions on cross-examinations are improper.* In an action for libel, question asked of plaintiff on cross-examination concerning whether plaintiff's mother had been married eight times, *held* improper.